LOEFFLER, RESPONDENT, *v.* DUNNING, APPELLANT.

(No. 3,381.)

(Submitted May 1, 1914. Decided May 7, 1914.)

[141 Pac. 148.]

*Work and Labor—Evidence—Sufficiency.*

1. In an action for wages due in which defendant, relying upon his motion for nonsuit, declined to introduce any testimony, plaintiff's evidence that there was due him between $400 and $500, *held* sufficiently specific to warrant a verdict for an amount not to exceed $400.

*Appeal from District Court, Rosebud County; Geo. W. Pierson, Judge.*

49 Mont.—12

ACTION by George Loeffler against J. S. Dunning. From a judgment for plaintiff, defendant appeals. Modified and affirmed.

Cause submitted on briefs of counsel.

*Messrs. Loud, Collins, Brown, Campbell & Wood,* for Appellant.

*Messrs. Braz D. Tull* and *Mr. Don C. Smith,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover $913.80, wages for twenty-three months' work alleged to have been performed by the plaintiff for the defendant at his special instance and request. [1] The answer admits that the work was performed, but alleges that it was done under a special agreement that plaintiff should receive as compensation only his board and maintenance. . The answer further alleges that in any event plaintiff's services were not worth more than $15 per month, or a total of $345. By way of counterclaim, the defendant sets forth that he furnished to the plaintiff, at plaintiff's special instance and request, money and goods, wares and merchandise amounting to $722.45, no part of which has been paid except the sum of $345, earned by the plaintiff by his services for twenty-three months at $15 per month. To the answer is attached a statement of the items constituting the counterclaim. In reply the plaintiff admits that he received from the defendant money and goods on account to the amount of $293.75, and denies all the other allegations of the answer. Upon the trial plaintiff testified to the arrangement under which he worked for the defendant; that it was agreed that for the first seven months he should receive the "going wages" for such work in South Dakota, where the work was performed; that the reasonable value of such services was $35 per month, including board; that for the remainder of the

time he was to receive $40 per month and board; that he drew money at different times on account, and, by arrangement with the defendant, he purchased goods for his own use which were charged to and paid for by the defendant; that he did not keep any book account of these items but depended upon the defendant to present a bill therefor; that he could not tell exactly the balance due him, but, after an examination of the items constituting the defendant's counterclaim, he could say that there was due him between $400 and $500; that, as nearly as he could judge, the amount was about $500. At the close of this testimony the defendant moved for a nonsuit. The motion was denied, and, the defendant declining to offer any evidence, the cause was submitted to the jury and a verdict returned for $443. From the judgment entered thereon and from an order denying him a new trial, the defendant appealed.

The only contention made in this court is that the evidence is not sufficiently specific, as to the amount due the plaintiff, to sustain a verdict for any amount or to justify the submission of the cause to the jury. The answer admits that plaintiff had earned $345. To recover more than that amount, the burden was upon the plaintiff to furnish evidence from which the jury could determine the balance with some reasonable degree of certainty. Although there was before the plaintiff an itemized statement of defendant's counterclaim, he was not asked to indicate the particular items with which he admitted he should be charged or those which he disputed, and the best evidence was thereby withheld from the jury. However, we regard the testimony of plaintiff, above, as sufficiently specific to warrant a verdict for $400. In effect he testified that there was due him $400, with the possibility that more than that amount might be due him. In the absence of anything to indicate the contrary, we think this sufficient to justify submitting the cause to the jury for an amount not to exceed $400, and that the evidence will support a judgment for that amount.

The order denying a new trial is affirmed. The cause is remanded to the district court, with directions to modify the

judgment by reducing the amount thereof to $400 as of February 8, 1913, and, as thus modified, it will be affirmed. Each party will pay his costs in this court.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.